**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CHETANN PATEL AND HARSHIKA PATEL,**<br><br>　　　　Plaintiff**,**<br><br>　　vs.<br><br>**U.S. BANK, N.A., AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST, INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-HE1; WELLS FARGO BANK, N.A.; QUALITY LOAN SERVICE CORP.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,** *et al.*,<br><br>　　　　Defendants**.** | **Case No.: 13-CV-1625 YGR**<br><br>**ORDER GRANTING:**<br><br>**(1) MOTION OF DEFENDANTS U.S. BANK,** *ET. AL.* **TO DISMISS WITH LEAVE TO AMEND; AND**<br><br>**(2) MOTION OF DEFENDANT QUALITY LOAN SERVICE CORP. TO DISMISS WITH LEAVE TO AMEND** |

　　Plaintiffs Chetann Patel and Harshika Patel ("Plaintiffs") bring this action against Defendants U.S. Bank, N.A., As Trustee For Citigroup Mortgage Loan Trust, Inc., Asset-Backed Pass-Through Certificates, Series 2006-He1; Wells Fargo Bank, N.A.; Mortgage Electronic Registration Systems, Inc. (collectively, "Beneficiary Defendants"), and Quality Loan Service Corp. ("QLS").  Plaintiffs allege claims for breach of express and implied agreement; slander of title; wrongful foreclosure; violation of California Civil Code § 2923.5; the Real Estate Settlement Procedures Act, 12 U.S.C. § 2605; the Racketeer Influenced Corrupt Organizations Act, 18 U.S.C. § 1962 and California's Unfair Competition Law, Business & Professions Code § 17200.

The Beneficiary Defendants and QLS have each moved to dismiss Plaintiffs' complaint pursuant to FRCP 12(b)(6). Having carefully considered the papers submitted and the pleadings in this action, and for the reasons set forth below, the Court hereby **GRANTS** the Motions to Dismiss. Leave to amend is granted as set forth herein.[1]

Plaintiffs previously filed a complaint against all the defendants here based upon the same set of facts and the same basic theories as alleged herein. After sustaining demurrers to Plaintiffs' original and amended complaints in the state court, the state court dismissed the complaint with prejudice, and entered a judgment in favor of Defendants on September 7, 2012. (Beneficiary Defendants' Request for Judicial Notice, Exh. N and O [Dkt. No. 15-14, 15-15].)[2]

All of Plaintiffs' claims herein are barred by the entry of judgment in the prior state court action. *Res judicata*, or claim preclusion operates to bar subsequent litigation "whenever there is (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between parties." *Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) (internal quotations omitted). "California, as most states, recognizes that the doctrine of *res judicata* will bar not only those claims actually litigated in a prior proceeding, but also claims that *could have been litigated*." *Castle v. Mortgage Elec. Registration Sys., Inc.*, EDCV 11-00538 VAP, 2011 WL 3626560 (C.D. Cal. Aug. 16, 2011) citing *Palomar Mobilehome Park Ass'n v. City of San Marcos,* 989 F.2d 362, 364 (9th Cir.1993)) (emphasis added); *Pey v. Wachovia Mortg. Corp.*, 11-2922 SC, 2011 WL 5573894, * 8 (N.D. Cal. Nov. 15, 2011) (*res judicata* also bars "any subsequent suit on claims that …could have been raised in a prior action.") (citing *Cell Therapueutics, Inc. v. Lash Group, Inc.*, 586 F.3d 1204, 1212 (9th Cir. 2010)) (emphasis added). If the claims arise out of the "same transactional nucleus of fact" as litigated in the prior matter *res judicata* precludes re-

---

[1] Pursuant to Federal Rule of Civil Procedure 78(b) and Civil Local Rule 7-1(b), the Court finds this motion appropriate for decision without oral argument. Accordingly, the Court **VACATES** the hearing set for **June 18, 2013**.

[2] The Beneficiary Defendants and QLS each submitted Requests for Judicial Notice in connection with their motions. Plaintiffs filed objections to QLS's Request for Judicial Notice. (Dkt. No. 26.) Those objections are **OVERRULED**. All defendants' Requests for Judicial Notice are **GRANTED**. As to all of documents granted judicial notice, the Court considers the fact of the document itself, but does not take judicial notice of any disputed facts stated therein. *Lee v. City of Los Angeles*, 250 F.3d 668, 690 (9th Cir. 2001).

2

litigating those claims. *Int'l Union v. Karr*, 994 F.2d 1426, 1430 (9th Cir.1993). Pursuing new legal theories does not create a new cause of action sufficient to avoid *res judicata*. *Boateng v. Interamerican Univ., Inc.*, 210 F.3d 56, 62 (1st Cir.2000), cert. den. 531 U.S. 904.

Here, all of the claims in the complaint before the Court arise out of the same nucleus of facts as was alleged in the state court. Plaintiffs alleged Defendants had no right to foreclose on the property, the loan was improperly securitized, and assignments of the deed of trust were invalid. (*See* RJN Exh. L [First Amended Complaint in Superior Court for the State of California, County of Alameda, Case No. RG12623835] at ¶¶ 13, 16, 18, 19, 21, and 22.) Plaintiffs alleged claims based on those same facts against the same defendants here. The state court dismissed all those claims on their merits and entered a final judgment. All of Plaintiffs' claims based on lack of authority to foreclose, securitization, and invalidity of the assignments, whether actually pleaded in the prior action or not, are barred by entry of that judgment.

Indeed, Plaintiffs acknowledge in their opposition to the motion that the claims as alleged are barred by *res judicata*, and seek leave to amend to allege claims they contend would not be barred. (Oppo. at 7:3-9, Dkt. No. 25.) Plaintiffs argue that they can allege claims for breach of contract and violation of the Truth in Lending Act ("TILA"), 15 U.S.C. § 1601 *et seq.,* that are not precluded.[3]

First, the breach of contract claim they seek to plead is based on the same arguments as to securitization of the loan, invalidity of the recorded assignments, and lack of authority to proceed with foreclosure, all matters falling under the same nucleus of facts as was the subject of Plaintiffs' state court action. Leave to amend to permit Plaintiffs to allege such a claim would be futile.

Second, as to the proposed TILA claim, Plaintiffs argue that they can allege that "Defendants" violated TILA by: (1) failing to provide them with accurate material disclosures, particularly concerning the risks of adjustable rate mortgages and the advantages of other loan products; and (2) assigning the deed of trust without proper notice. Plaintiffs also add arguments

---

[3] In their argument regarding their proposed TILA claim, Plaintiffs' cite the case number for a matter filed in the Eastern District of California without further explanation. It is unclear to the Court whether this is a drafting error or what relationship that case might bear to the instant action.

concerning the securitization process, including violation of the Pooling and Service Agreement for the securitized trust.

As to the latter securitization arguments, any claim based on those allegations is barred by the prior action, as set forth above. Plaintiffs are not granted leave to allege such a basis for a TILA claim.

As to the other proffered bases for a TILA claim, it remains to be seen whether Plaintiffs can allege a viable claim. As defendants acknowledge on reply, the basis for Plaintiffs' request to file a TILA claim is not entirely clear. In addition, while Plaintiffs' opposition argues that a TILA claim would not be barred by the applicable one-year statute of limitations, they have not explained what facts would support tolling of that statute of limitations. *Garcia v. Wachovia Mortgage Corp.*, 676 F. Supp. 2d 895, 906 (C.D. Cal. 2009), citing *Hubbard v. Fidelity Federal Bank,* 91 F.3d 75, 79 (9th Cir. 1996) (TILA statute of limitations would not be tolled where plaintiffs did not allege actions by defendant affirmatively preventing plaintiff from discovering a claim or other "extraordinary circumstances" establishing reasonable grounds for failure to discover alleged disclosure violations within the one-year statute of limitations).

Any TILA claim concerning disclosures would appear to be barred both by *res judicata* and by the one year statute of limitations, since facts concerning the September 2005 origination of Plaintiffs' loan would have been known to them well before the filing of their state court complaint in 2012. Similarly, assignment of the deed of trust was apparently known to Plaintiffs at least one year prior to the filing of their complaint herein, since they attached that assignment to their state court complaint, filed April 2, 2012. (Beneficiary Defendants' RJN, Exh. E at Exh. C. thereto.)

## CONCLUSION

The motion to dismiss the claims alleged in Plaintiffs' Complaint is **GRANTED**. Plaintiffs concede that the claims therein are barred by *res judicata*. Leave to amend the claims as stated would therefore be futile.

While the Court is skeptical of Plaintiff's ability to state a viable TILA claim, leave to amend is liberally granted. *Foman v. Davis,* 371 U.S. 178, 182 (1962); *United States v. Corinthian Colleges,* 655 F.3d 984, 995 (9th Cir. 2011). Thus, Plaintiff may **file a motion for leave to amend**

4

to state a TILA claim based upon failure to provide accurate material disclosures and/or assignment of the deed of trust without proper notice, so long as they may state such a claim consistent with FRCP 11.  Plaintiffs must file any such motion no later than **July 8, 2013**.  A proposed amended complaint, deleting the allegations related to the dismissed claims and adding new allegations to support the new TILA claim, must be attached as an exhibit to the motion.  The allegations and the motion *must address* clearly and specifically why the claims are not barred by *res judicata* and the statute of limitations, as stated above.

Should Plaintiffs fail to file their motion to amend by **July 8, 2013,** this action will be dismissed with prejudice.

This terminates Docket Nos. 14 and 17.

**IT IS SO ORDERED**.

**Date: June 14, 2013**

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**

5