United States District Court
Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| **CHETANN PATEL AND HARSHIKA PATEL,**<br><br>   Plaintiff**,**<br><br>   vs.<br><br>**U.S. BANK, N.A., AS TRUSTEE FOR CITIGROUP MORTGAGE LOAN TRUST, INC., ASSET-BACKED PASS-THROUGH CERTIFICATES, SERIES 2006-HE1; WELLS FARGO BANK, N.A.; QUALITY LOAN SERVICE CORP.; MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,** *et al.*,<br><br>   Defendants**.** | **Case No.: 13-CV-1625 YGR**<br><br>**ORDER DENYING PLAINTIFFS' (THIRD) EX PARTE MOTION FOR TEMPORARY RESTRAINING ORDER AND ORDER TO SHOW CAUSE WHY PRELIMINARY INJUNCTION SHOULD NOT ISSUE AND FOR PRELIMINARY INJUNCTION** |

Plaintiffs Chetann Patel and Harshika Patel ("Plaintiffs") bring this action against Defendants U.S. Bank, N.A., As Trustee For Citigroup Mortgage Loan Trust, Inc., Asset-Backed Pass-Through Certificates, Series 2006-HE1; Wells Fargo Bank, N.A.; Mortgage Electronic Registration Systems, Inc. (collectively, "Beneficiary Defendants"), and Quality Loan Service Corp. ("QLS"). On July 8, 2013, Plaintiffs filed their third ex parte request for a temporary restraining order, the previous two having been denied by this Court on procedural grounds. (*See* Dkt. Nos. 37, 11, 33.) Plaintiffs' latest request suffers from procedural defects as well as substantive lack of merit.

First, Plaintiffs have noticed their ex parte motion for a hearing on the Court's July 9, 2013, 2:00 p.m. calendar. Per Civil Local Rule 7-2, and except for motions made during the course of a trial or hearing, all motions must be noticed for hearing not less than 35 days after service of the motion in the absence of an order granting leave to set a hearing on shortened time. No such order was obtained here.

Second, the Court previously granted motions by the Beneficiary Defendants and QLS to dismiss Plaintiffs' complaint pursuant to FRCP 12(b)(6), on the grounds that all the claims in the complaint were barred by *res judicata*. (Dkt. No. 31.) Plaintiffs previously filed a state-court complaint against all the defendants here based upon the same set of facts and the same basic theories as alleged in this Court. The state court dismissed the complaint with prejudice, and entered a judgment in favor of Defendants on September 7, 2012. (Beneficiary Defendants' Request for Judicial Notice, Exh. N and O [Dkt. No. 15-14, 15-15].) Although Plaintiffs argued in opposition to the motion that they could state claims not barred by *res judicata,* no such claims have yet been stated.

The Court's Order of June 25, 2013, denied the second Motion for a Temporary Restraining Order on the grounds that there was no operative complaint on file. Although Plaintiffs have now filed a motion to amend to add new claims, the fact remains that no leave to amend has yet been granted and thus Plaintiffs have no operative complaint or claims.

Moreover, Plaintiffs have not demonstrated how any set of facts that might entitle them to injunctive relief to stay the foreclosure sale of their property. The Court's prior order made clear that any claims based upon securitization and assignment of the note are barred by the prior judgment and the only claim Plaintiffs could seek to amend to add was a claim for violation of TILA for failure to provide accurate material disclosures. (Dkt. No. 31 at p. 3-4.) Even assuming that Plaintiffs can plead a viable claim for such a TILA violation, the only remedy available at this juncture is one for damages. *See McOmie-Gray v. Bank of Am. Home Loans*, 667 F.3d 1325, 1328 (9th Cir. 2012) (right of rescission under TILA expires three years after date of consummation of transaction, notwithstanding the fact that information or forms required to be disclosed have not been delivered, citing 15 U.S.C. § 1635(f)).

Based upon the foregoing, Plaintiffs cannot establish entitlement to a temporary restraining order and their (Third) Ex Parte Motion For Temporary Restraining Order and Order to Show Cause Why Preliminary Injunction Should Not Issue And For Preliminary Injunction is **DENIED**.

**IT IS SO ORDERED**.

Date: July 9, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**