**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **CHETANN PATEL AND HARSHIKA PATEL,**<br><br>    **Plaintiff,**<br><br>    v.<br><br>**U.S. BANK, N.A.,** *et al.***,**<br><br>    **Defendants.** | **Case No.: 13-CV-1625 YGR**<br><br>**ORDER DENYING PLAINTIFFS' MOTION FOR LEAVE TO FILE AMENDED COMPLAINT; DISMISSING CASE** |

## I. INTRODUCTION

Plaintiffs Chetann Patel and Harshika Patel bring this action challenging the pending foreclosure of their home, naming as defendants U.S. Bank, N.A., As Trustee For Citigroup Mortgage Loan Trust, Inc., Asset-Backed Pass-Through Certificates, Series 2006-HE1; Wells Fargo Bank, N.A.; Mortgage Electronic Registration Systems, Inc., and Quality Loan Service Corp. Plaintiffs' initial complaint, filed April 10, 2013, asserted eight causes of action against these defendants.[1] Two defendant groups filed motions to dismiss and, on June 14, 2013, the Court granted those motions. (Dkt. No. 31 ("June 14 Order").) In doing so, the Court found that the Patels had previously filed a complaint in Alameda County Superior Court "against all the defendants here based upon the same set of facts and the same basic theories as alleged herein," and that the state court had dismissed that case with prejudice in September 2012. (*Id.* at 2; *see also*

---

[1] Following the filing of their initial complaint, the Patels also filed three applications for ex parte restraining orders halting the foreclosure sale. (Dkt. Nos. 5, 19, 37-38 (TRO applications).) None of these applications had merit. (*See* Dkt. Nos. 11, 33, 42 (orders denying applications).)

Dkt. No. 15-15 (Judgment entered against Patels by Alameda County Superior Court).)  The Court acknowledged that the Patels had conceded that their initial complaint was entirely barred by res judicata, but that they nevertheless sought leave to amend to add a TILA claim that would not be precluded.  (June 14 Order at 3.)  The Court gave the Patels leave to amend but stated that any claim based on the "securitization arguments" raised in both the initial federal complaint and the dismissed state court action were barred by res judicata. (*Id.* at 4.)  The Court also warned that Plaintiffs bore the burden of establishing why the one-year statute of limitation for TILA claims should be tolled.  (*See id.*)  The Court gave the Patels until July 8, 2013, to file a motion for leave to amend and instructed: "A proposed amended complaint, deleting the allegations related to the dismissed claims and adding new allegations to support the new TILA claim, must be attached as an exhibit to the motion.  The allegations and the motion must address clearly and specifically why the claims are not barred by res judicata and the statute of limitations . . . ."  (*Id.* at 5.)

On July 7, 2013, Plaintiffs timely filed their motion for leave to file an amended complaint, and lodged the amended pleading they seek to file.  (Dkt. No. 34 ("Motion"), Dkt. No. 36 (Proposed Amended Complaint ("PAC")).)  The Motion is fully briefed (Dkt Nos. 45 ("Opp'n"), 46 ("Reply")), and the Court took oral argument on August 27, 2013 (Dkt. No. 51).  For the reasons set forth below, the Motion is **DENIED**.

## II. DISCUSSION

Federal Rule of Civil Procedure 15 requires that a plaintiff obtain either consent of the defendant or leave of court to amend its complaint once the defendant has answered, but "leave shall be freely given when justice so requires."  Fed. R. Civ. P. 15(a); *see also Chodos v. West Pub. Co.*, 292 F.3d 992, 1003 (9th Cir. 2002) (leave to amend granted with "extreme liberality").  One exception to this general rule of liberality, however, is where amendment would be futile.  *Foman v. Davis*, 371 U.S. 178, 182 (1962); *Smith v. Pac. Props. & Dev. Corp.*, 358 F.3d 1097, 1101 (9th Cir. 2004).  Thus, a district court does not err in refusing to grant leave to amend after "reasonably conclud[ing] that further amendment would be futile."  *Sylvia Landfield Trust v. City of Los Angeles*, --- F.3d ---, 2013 WL 4779664 (9th Cir. Sept. 9, 2013).

Here, the Court concludes that permitting Plaintiffs to file their Proposed Amended Complaint would be futile because the TILA claim set forth therein is barred by res judicata.[2] As the Court explained in its June 14 Order, res judicata bars relitigation of claims where there is (1) identity of claims, (2) identity of parties, and (3) a final judgment on the merits. Res judicata bars not only claims that actually were previously litigated, but also claims that *could have been* previously litigated, arising out of the "same transactional nucleus of fact." Further, "[p]ursuing new legal theories does not create a new cause of action sufficient to avoid res judicata." June 14 Order at 2-3 (citations omitted).

Res judicata bars the Patels' TILA claim because it could have been asserted against the same parties in the earlier state court litigation. In view of the fact that TILA claims arise from a failure to provide disclosures at the time a loan closes, the Patels have articulated no persuasive reason why any TILA violation could not have been discovered prior to filing of the state court complaint. Neither have they persuasively articulated why the purported TILA violation does not arise from the same nucleus of fact as the (nearly identical) state court complaint, nor why the Court should deem the Alameda Superior Court Judgment to be anything other than a final judgment against the Patels and in favor of the defendants named there—who are the same parties named as defendants in this action. The Patels' argument that the earlier judgment is not a final judgment on the merits solely because Defendant Quality Loan Services was not among the parties whose demurrer was sustained borders on the frivolous. Plaintiffs supply no authority for the proposition that a final judgment that disposes of Plaintiffs' entire case, entered after a sustained demurrer, is a final judgment only as to the demurring defendants but not to others. Further, the Proposed Amended Complaint alleges that Quality was "in privity" with the other defendants. (PAC ¶ 30.) Res judicata applies not only to defendants in earlier actions, but to parties in privity with them. *E.g.*, *Tritz v. U.S. Postal Serv.*, 721 F.3d 1133, 1141 (9th Cir. 2013). Taking Plaintiffs'

---

[2] Because res judicata supplies sufficient grounds for resolving Plaintiff's Motion, the Court need not reach the issue of tolling nor address Plaintiffs' failure to comply with the Court's instruction to remove from the Proposed Amended Complaint their previously rejected securitization arguments (*compare* Dkt. No. 1 ¶¶ 15-21 *with* PAC ¶¶ 15-21(repeating previous allegations, apparently word for word)) or Plaintiffs' counsel's reprisal of those arguments in the Motion (*see* Motion at 3, 6-7).

allegation as true, the fact that Quality did not itself demur would be immaterial, since it was in privity with the parties that did demur and whose demurrer the state court sustained.

### III. CONCLUSION

For the reasons set forth above, the Court holds that the TILA claim set forth in the Proposed Amended Complaint is barred by res judicata. Plaintiffs' sole claim being barred, amendment would be futile. Accordingly, the Court **DENIES** Plaintiffs' Motion for Leave to File an Amended Complaint. This case is hereby **DISMISSED WITH PREJUDICE**.

This Order terminates Docket No. 34 and administratively terminates Case No. 13-cv-1625.

**IT IS SO ORDERED**.

Date: November 5, 2013

_____
**YVONNE GONZALEZ ROGERS**
**UNITED STATES DISTRICT COURT JUDGE**